**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SARAH BLAKELEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:19-cv-142** |
| | § | |
| **ATMOS ENERGY CORPORATION,** | § | |
| **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Sarah Blakeley, Plaintiff, and files this original complaint against Atmos Energy Corporation (hereinafter "Defendant" and "Atmos"), and would respectfully show the Court as follows:

## I.  PARTIES

1.      Plaintiff is an individual residing in Grayson County, Texas.

2.      Defendant Atmos Energy Corporation is a domestic for-profit corporation doing business in Texas and may be served through its registered agent for service, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II. JURISDICTION

3.      Jurisdiction is founded on federal question, specifically, 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended, and 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

4.      All prerequisites to filing suit have been met.

### III. FACTS

5.       Plaintiff was employed for approximately nine (9) months by Atmos Energy Corporation ("Atmos") at its MDTX-North Reg. Sherman District CS office located in Sherman, Texas, beginning on or about April 3, 2017.   At the time of her discharge on or about January 22, 2018, she was employed as a Meter Reader 1.

6.       Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended.

7.       Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

8.       As a meter reader, Plaintiff's territory covered Cooke and Grayson Counties.   Her routes included rural areas with gas meters sometimes miles apart.

9.       In late August/early September 2017, Plaintiff found out she was four weeks pregnant.   She shared this information with her coworkers and supervisor.

10.       In November 2017, Plaintiff's supervisor, Bradley Coleman, called her into a meeting with him and his supervisor, Mark Henderson, the operations manager.   The meeting regarded Plaintiff's Itron down time report.   Itron is the handheld device used for recording meter readings. They told Plaintiff meter readers were allowed one hour each day for down time including their lunch and breaks.   The down time could be attributed solely to lunch or broken up between lunch and other

breaks as long as the total time did not exceed one hour.

11.     Coleman and Henderson told Plaintiff that over the last couple of months she had exceeded the one hour limit on several days.  Coleman told Plaintiff if she continued to exceed the one hour limit then higher management could come in and take action and it would be out of his control.

12.     Plaintiff explained to Coleman and Henderson that due to her pregnancy she had been having morning sickness as well as needing more frequent bathroom breaks.  They told her she still had to keep to the one hour of down time just like everyone else.  Plaintiff told them she would try to find another method of reading meters to keep her break times down.  She also informed them that as her pregnancy progressed she would need to take more frequent bathroom breaks.

13.     Defendant did not offer or discuss any options to accommodate Plaintiff's increasing need for bathroom breaks during her pregnancy.  The meeting was dismissed.  Plaintiff received no write up or discipline.

14.     Following the meeting, Plaintiff tried a different method of reading her routes in order to keep her down time as reported with Itron to the mandatory one hour limit.  On days when she felt sick or knew her route was a long one, she would write her readings in a notebook which she then transferred to the Itron at the end of the route.

15.     On or about January 17, 2018, Plaintiff was called into the office for a meeting with Coleman and Marcie Herron, compliance supervisor.  Coleman told Plaintiff his supervisors were concerned about her times on her Itron and wanted him to talk to Plaintiff to find out what was going on and why.

16.     Plaintiff reminded Coleman of the meeting in November and that she told them she would find a different way to keep her down time within the one hour limit.  She explained what she had

been doing and showed them her notebook with the readings documented.

17.     Coleman placed Plaintiff on administrative leave pending a meeting with management.  He advised her to take all her personal belongings out of her work truck and go home.

18.     In a doctor's note dated January 19, 2018, Plaintiff's physician, Stacey Thornton, M.D., advised that she was not to work more than 8 hours a day, was not to lift over 20 pounds, and was to avoid dangerous or potentially harmful situations.  He also stated it was "imperative" that she have frequent restroom breaks to avoid a condition called pyelonephritis of pregnancy which can lead to sepsis that can be fatal.

19.     Plaintiff took the note to her supervisor, Bradley Coleman.

20.     On January 22, 2018, Coleman called Plaintiff into a meeting with Mark Henderson, the operations manager and his supervisor, and Steve Simms, human resources representative.

21.     Simms told Plaintiff management had determined she was falsifying company records when she wrote her route readings on notebook paper.  Therefore, she was terminated.

22.     Meter readers were directed to use every minute of an eight hour day even if they had finished their daily route in less than eight hours.  They were encouraged, if they knew their route for the next day, to start reading that route a day early.  However, instead of entering the meter reading into Itron, they wrote it down on paper and then entered it into Itron the next day (the designated date for the reading).

23.     This practice was regularly undertaken by other meter readers including Gary Pool (male), Roy Garcia (male), Jamal Last Name Unknown (male), and Caleb Powers (male).  Upon information and belief, none of them were disciplined for writing down meter readings on paper, for entering them into Itron at a later time/date, or for falsifying company records.

24.     At the time of Plaintiff's discharge, she was earning $13.91 per hour plus bonuses and benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

### Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

25.     A.     Defendant discharged Plaintiff in violation of 42 U.S.C.A. §2000e, *et seq.*, (Unlawful Employment Practices), as amended, protecting Plaintiff from discrimination based on her gender (female).

26.     B.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 42 U.S.C.A. §2000e, *et seq.*, (Unlawful Employment Practices), as amended.

27.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. §2000e, *et seq.*, (Unlawful Employment Practices), as amended.

28.     D.     On or about May 30, 2018, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 26, 2018, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2018.

29.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

### Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

30.     A.     Defendant discharged Plaintiff in violation of 42 U.S.C.A. §2000e - 2a(1), *et seq.*, (Unlawful Employment Practices), as amended, protecting Plaintiff from pregnancy discrimination.

31.     B.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 42 U.S.C.A. §2000e - 2a(1), *et seq*., (Unlawful Employment Practices), as amended.

32.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. §2000e - 2a(1), *et seq*., (Unlawful Employment Practices), as amended.

33.     D.     On or about May 30, 2018, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 26, 2018, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2018.

34.     In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## COUNT III

## Violations of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended

35.     A.     Plaintiff is alleging that she was denied reasonable accommodation in violation of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of her disability or perceived disability.

36.     B.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

37.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

38.     D.     On or about May 30, 2018, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 26, 2018, she received the Notice of Right to

Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2018.

39.     In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:

## COUNT IV

## Violations of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended

40.     A.     Plaintiff is alleging that she was discharged in violation of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of her disability or perceived disability.

41.     B.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

42.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

43.     D.     On or about May 30, 2018, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 26, 2018, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2018.

## V.  DAMAGES

44.     Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, and

pursuant to 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

45.     Plaintiff also seeks non-economic damages including mental anguish and compensatory damages.

46.     Plaintiff would show that Defendant's conduct as set forth herein was done with malice and committed knowingly, intentionally and/or in a conscious disregard for Plaintiff's rights justifying the imposition of punitive damages in an amount no less than three times Plaintiff's actual damages.

## VI. ATTORNEY'S FEES

47.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

48.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)

ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)


Richardson Law Firm
118 S. Crockett
Sherman, Texas 75090
Tel: (903) 893-7541
Fax: (903) 893-9585


Robert E. Richardson Jr.
SBN: 16873000
robert@richardsonfirm.net

Robert E. L. (Ed) Richardson
SBN: 24007913
ed@richardsonfirm.net

**ATTORNEYS FOR PLAINTIFF**